RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1___
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 2-11-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nextel Communications of the Mid-Atlantic Inc., d/b/a Nextel Communications<br><br>Plaintiff<br><br>v.<br><br>Russell's Garden Center, Inc.; Edmund C. Rice; George L. Rice; Allison C. Russell; Charlotte B. Russell; John W. Russell; Timothy M. Skehan; Charlotte B. Russell Trustee of the 105 Pelham Island Road Trust; Lewis S. Russell, Jr., Trustee of the 105 Pelham Island Road Trust; Timothy Skehan, Trustee of the 101 Pelham Island Road Trust; Ann S. Webster, Trustee of the 262-292 Boston Post Road Realty Trust<br><br>Defendants | CASE NO.: _____<br><br>04-10290 REK<br><br>MAGISTRATE JUDGE _____ |

## VERIFIED COMPLAINT

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, Professional Association, complains of the defendants as follows:

1. Nextel brings this action to enjoin the defendants from continuing to maintain a certain state court action which this Court has already found to be wholly without merit and to constitute an improper effort to frustrate the implementation of a permanent injunction issued by this Court one year ago in <u>Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications v. Town of Wayland, et al.</u>, Case No. 02-10260-REK ("*Wayland I*"). That injunction ordered the Town of Wayland, Massachusetts (the "Town") to issue a variance needed by Nextel in order to install a wireless telecommunications antenna atop an existing 97' tall electric transmission tower. The defendants' conduct not only is contrary to the Court's order

but also to the federal policy embodied in Section 704 of the Telecommunications Act of 1996, 47 U.S.C. § 332 (c)(7)(B).

## PARTIES

2. Nextel is a corporation organized and existing under the laws of the State of Delaware with a place of business at 40 Hartwell Avenue, Lexington, Massachusetts.

3. The defendant Russell Garden Center, Inc, is a Massachusetts Corporation with a principal place of business at 397 Boston Post Road, Wayland, Massachusetts.

4. The individual defendant Edmund C. Rice resides at 10 Old Sudbury Road, Wayland, Massachusetts.

5. The individual defendant George L. Rice, Jr. resides at 2 Old Sudbury Road, Wayland, Massachusetts.

6. The individual defendant Allison C. Russell resides at 372 Boston Post Road, Wayland, Massachusetts.

7. The individual defendant Charlotte B. Russell resides at 105 Pelham Island Road, Wayland, Massachusetts.

8. The individual defendant John W. Russell resides at 372 Boston Post Road, Wayland, Massachusetts.

9. The individual defendant Lewis S. Russell, Jr. resides at 105 Pelham Island Road, Wayland, Massachusetts.

10. The individual defendant Timothy M. Skehan resides at 101 Pelham Island Road, Wayland, Massachusetts.

11. The defendant Charlotte B. Russell, Trustee of 105 Pelham Island Road Trust, has an address of 105 Pelham Island Road, Wayland, Massachusetts.

12. The defendant Timothy Skehan, Trustee of 101 Pelham Island Road Trust, has an address of 105 Pelham Island Road, Wayland, Massachusetts.

13. The defendant Ann S. Webster, Trustee of 262-292 Boston Post Road Realty Trust, has an address of 100 Walden Street, Concord, Massachusetts.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction to issue an injunction in order to protect and effectuate the judgment it issued in *Wayland I*.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that the defendants reside in the district and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

16. Nextel is licensed by the United States to provide "personal wireless services," as that term is defined by federal statute, 47 U.S.C. § 332 (c)(7)(C)(i), in various areas, including Massachusetts.

17. In order to provide such services, Nextel needs to deploy a network of antenna facilities, defined by federal statute as "personal wireless services facilities," 47 U.S.C. § 332(c)(7)(C)(ii), throughout the area to be served.

18. Nextel presently has no such antenna facilities in the Town of Wayland, Massachusetts, and has been attempting for nearly ten years to deploy such facilities in that Town.[1]

19. On February 15, 2002, Nextel commenced *Wayland I*, in which it claimed that the Town of Wayland had violated the Telecommunications Act of 1996 (the "TCA") by, inter alia,

---

[1] Nextel's efforts to provide wireless service in Wayland are described in this Court's decision in *Wayland I* reported at 231 F.Supp.2d 396 (D.Mass. 2002).

3

refusing to allow Nextel to deploy an antenna facility atop an existing 97' tall electric transmission tower, which antenna facility is required by Nextel in order to provide wireless service in Wayland.

20. On November 22, 2002, this Court issued its Opinion and Order in *Wayland I* by which it granted Nextel summary judgment on the grounds that the Town's denial of permission to build the proposed antenna facility was not based upon substantial evidence contained in a written record, and that the Town's regulatory scheme, as applied by Town officials, had the effect of prohibiting Nextel from providing personal wireless services in violation of the TCA.

21. On January 3, 2003, the Court entered a permanent injunction directing the Town and its agencies to grant the variance needed by Nextel in order to install the proposed antenna facility. A copy of the permanent injunction is annexed hereto as Exhibit A.

22. The Town complied with this Court's decree by issuing a variance to Nextel on January 30, 2003.

23. On February 19, 2003, the defendants filed a complaint in the Trial Court for the Commonwealth of Massachusetts, Land Department, Case No. 287705 Misc. (the "State Court Action"), by which they sought to annul the variance which the Town had issued in order to comply with this Court's decree. A copy of the complaint in the State Court Action is annexed hereto as Exhibit B.

24. As a result of the filing of the State Court Action, the Town of Wayland has refused to file the variance which it issued on January 30, 2003. Because the variance has not been filed, the Building Inspector of the Town of Wayland has refused to issue the building permit required by Nextel.

4

25. Because Nextel cannot obtain a building permit, it has been unable to deploy its antenna facility and has thus been prevented from providing wireless services to its customers as contemplated by federal law and by this Court's injunction in *Wayland I*. This inability to provide service has damaged Nextel's reputation and has caused it both quantifiable and unquantifiable economic harm.

26. Nextel timely removed the State Court Action to this Court and then moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that it failed to state a claim upon which relief could be granted.

27. The defendants herein (plaintiffs in that action) responded by filing a motion to remand the State Court Action to the Massachusetts state court.

28. This Court (Keeton, J.) heard oral argument on May 28, 2003, to address the Nextel's motion to dismiss and the defendants' motion to remand.

29. At the conclusion of oral argument, the Court granted Nextel's motion to dismiss and denied the defendants' motion to remand.

30. The Court did not certify this dismissal as a final order.

31. On December 16, 2003, the Court issued a Memorandum and Order by which it reconsidered the bench rulings of May 28, 2003 and determined that, inter alia, this Court lacked removal jurisdiction over the State Court Action. A copy of the December 16, 2003 Memorandum and Order is annexed hereto as Exhibit C.

32. The Court thus remanded the State Court Action to the state court from which it had originated.

33. The Court also ruled, however, that the State Court Action was "futile" because the Court, as a matter of federal law, was "free to order the ZBA to issue a zoning permit without regard to state zoning laws."

34. This Court further recognized that the State Court Action was nothing more than a "naked attempt to circumvent a previous federal court injunction, and, as such, completely lacks merit."

35. Finally, this Court held that even though it lacked subject matter jurisdiction, federal law allows Nextel to bring a separate federal action seeking an injunction enjoining the defendants from pursuing their state causes of action.

36. Nextel now brings precisely such an action in order to request an injunction enjoining the defendants from taking any further action with respect to the baseless State Court Action and further frustrating this Court's previous injunctive order that the Town issue the variance necessary for Nextel to develop the telecommunications antennae at issue.

## AS AND FOR A FIRST CAUSE OF ACTION
## INJUNCTIVE RELIEF

37. Nextel repeats, realleges, and incorporates herein by reference the allegations of paragraph 1 through 36 of this Complaint as though fully alleged herein.

38. Pursuant to the All Writs Act, 28 U.S.C. § 1651, and the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, this Court is authorized to enjoin state court proceedings whenever necessary to protect or effectuate its judgments.

39. Here, the defendants have brought a frivolous state law action for the sole and improper purpose of frustrating this Court's prior injunction by preventing Nextel from securing the permits necessary to develop the telecommunications antennae facility at issue.

40. As a result of the defendants improper State Court Action, Nextel has and continues to suffer irreparable harm in that it has in fact been unable to secure the permits necessary to develop the antenna facility at issue and, thus, has been unable to provide wireless service in the Town of Wayland as provided for in the TCA.

41. Injunctive relief is necessary and appropriate to protect and effectuate this Court's prior injunctive order and to permit Nextel to provide wireless service consistent with the mandates of the TCA.

**WHEREFORE**, Nextel respectfully requests that the Honorable Court:

A. Issue an injunction enjoining the defendants, and each of their officers, agents, servants, employees, and attorneys, and anyone else acting in active concert or participation with them from taking any further action with respect to the State Court Action;

B. Issue an injunction enjoining the defendants, and each of their officers, agents, servants, employees, and attorneys, and anyone else acting in active concert or participation with them from engaging in any further action that prevents, delays, hinders, or otherwise interferes with Nextel's development of the antennae facility at issue; and

C. Grant Nextel such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Date: 2/11/04

By: /s/ Steven S. Grill
Steven E. Grill, Esquire
111 Amherst Street, PO Box 719
Manchester, NH 03105
(603) 669-1000

## VERIFICATION

I, Kelly Baker, declare under the pains and penalties of perjury that: I am the Director of Strategic Real Estate for Nextel and have been authorized by Nextel to make this Declaration. I have read the within Verified Complaint and the allegations herein are true to the best of my knowledge and belief.

/s/ Kelly Baker
Kelly Baker, Esquire

J:\wdox\docs\clients\10339\61411\M0543501.DOC