UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nextel Communications of the Mid-Atlantic Inc., d/b/a Nextel Communications )<br><br>Plaintiff )<br><br>v. )<br><br>Russell's Garden Center, Inc.; Edmund C. Rice; George L. Rice; Allison C. Russell; Charlotte B. Russell; John W. Russell; Timothy M. Skehan; Charlotte B. Russell Trustee of the 105 Pelham Island Road Trust; Lewis S. Russell, Jr., Trustee of the 105 Pelham Island Road Trust; Timothy Skehan, Trustee of the 101 Pelham Island Road Trust; Ann S. Webster, Trustee of the 262-292 Boston Post Road Realty Trust )<br><br>Defendants ) | CASE NO.: _____<br><br>04-10290 REK |

## NEXTEL'S MOTION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF, WITH POINTS OF LAW

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, Professional Association, respectfully moves pursuant to Fed.R.Civ.P. 65(b), the All Writs Act, and this Court's order of December 16, 2003 in Civil Action No. 03-10517-REK for (1) a Temporary Restraining Order enjoining the defendants from continuing to maintain their meritless state law action, by which they have frustrated and continue to frustrate and prevent the implementation of an injunction previously issued by this Court; and (2) an order requiring the defendants to appear and show cause why they should not be required to file a notice of dismissal with prejudice in that pending state law action. In support of its Motion, Nextel states as follows:

## **INTRODUCTION**

1.　　Nextel brings this action to enjoin the defendants from taking any further action with respect to a meritless state court lawsuit filed by them in order to frustrate the Court's previous permanent injunction ordering the Town of Wayland (the "Town") to issue Nextel a variance permitting it to install a wireless telecommunications antenna atop an existing 97' tall electric transmission tower. This Court has already recognized that the defendants' state action is nothing more than a "naked attempt to circumvent a previous federal court injunction, and, as such, completely lacks merit."

2.　　Pursuant to the All Writs Act, 28 U.S.C. § 1651, and the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, this Court is authorized to enjoin state court proceedings whenever necessary to protect or effectuate its judgments. See James v. Bellotti, 733 F.2d 989, 993 (1st Cir. 1984) (holding that " a district court's jurisdiction to issue an injunction under the exceptions [to the Anti-Injunction Act] is ancillary to its jurisdiction in the underlying case"). In this case, the defendants' state court lawsuit has frustrated this Court's previously-issued permanent injunction by preventing Nextel from securing the variance and building permit necessary to expand wireless coverage within the Town.

3.　　Nextel respectfully requests that the Court exercise its authority pursuant to the All Writs Act and the relitigation exception to the Anti-Injunction Act and enjoin the defendants from taking any further action with respect to their frivolous state court lawsuit or otherwise interfering with Nextel's efforts to deploy the telecommunications antenna at issue.

## FACTUAL BACKGROUND[1]

4. Nextel is licensed by the United States to provide "personal wireless services," as that term is defined by federal statute, 47 U.S.C. § 332 (c)(7)(i), in various areas, including Massachusetts. In order to provide such services, Nextel needs to deploy a network of antenna facilities, defined by federal statute as "personal wireless services facilities," 47 U.S.C. § 332(c)(7)(C)(ii), throughout the area to be served. Nextel presently has no antenna facilities in the Town of Wayland, Massachusetts, and has been attempting for nearly ten years to deploy such facilities in that Town.[2]

5. On February 15, 2002, Nextel commenced Nextel Communications v. Town of Wayland, Case No. 02-10260-REK, reported at 231 F.Supp.2d 396 (D.Mass. 2002) (hereinafter "*Wayland I*"), in which it claimed that the Town of Wayland had violated the Telecommunications Act of 1996 (the "TCA") by, inter alia, refusing to allow Nextel to deploy an antenna facility atop an existing 97' tall electric transmission tower, which antenna facility is required by Nextel in order to provide wireless service in Wayland.

6. On November 22, 2002, this Court issued an Opinion and Order by which it granted Nextel summary judgment on the grounds that the Town's denial of permission to build the proposed antenna facility was not based upon substantial evidence contained in a written record, and that the Town's regulatory scheme, as applied by Town officials, had the effect of prohibiting Nextel from providing personal wireless services in violation of the TCA.

7. On January 3, 2003, the Court entered a permanent injunction directing the Town and its agencies to issue the variance and site plan approval needed by Nextel in order to install

---

[1] The factual allegations set forth herein are attested to in the Verified Complaint (the "Verified Complaint"), filed contemporaneous herewith and incorporated herein.
[2] Nextel's efforts to provide wireless service in Wayland are described in this Court's decision in Nextel Communications v. Town of Wayland, Case No. 02-10260-REK, reported at 231 F.Supp.2d 396 (D.Mass. 2002).

3

the proposed antenna facility. A copy of the permanent injunction is annexed to Nextel's Verified Complaint as Exhibit A. The Town complied with this Court's decree by issuing a variance to Nextel on January 30, 2003.

8. On February 19, 2003, the defendants filed a complaint in the Trial Court for the Commonwealth of Massachusetts, Land Department, Case No. 287705 Misc. (the "State Court Action"), by which they sought to annul the variance which the Town had issued in compliance with this Court's January 3, 2003 decree. A copy of the State Court Action complaint is annexed to the Verified Complaint as Exhibit B.

9. As a result of the filing and pendency of the State Court Action, the Town of Wayland has refused to file the variance issued on January 30, 2003. See Verified Complaint at ¶ 24. Because the variance has not been filed, the Building Inspector of the Town of Wayland has refused to issue the building permit that Nextel needs to deploy the antenna. Id. By filing the State Court Action, the defendants thereby frustrated and blocked the implementation of this Court's January 3, 2003 decree.

10. Nextel timely removed the State Court Action to this Court and then moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that it failed to state a claim upon which relief could be granted. The defendants responded to Nextel's motion to dismiss by filing a motion to remand with this Court.

11. This Court (Keeton, J.) held oral arguments on May 28, 2003, to address Nextel's motion to dismiss and the defendants' motion to remand. At the conclusion of the oral arguments, the Court granted Nextel's motion to dismiss and denied the defendants' motion to remand. The Court, however, did not certify this dismissal as a final order.

4

12. On December 16, 2003, the Court issued a Memorandum and Order (the "Memorandum and Order") by which it reconsidered its bench rulings of May 28, 2003 and determined that, inter alia, this Court lacked removal jurisdiction over the State Court Action. As a result, the Court remanded the State Court Action to the Massachusetts state courts. A copy of the Memorandum and Order is annexed to the Verified Complaint as Exhibit C.

13. In its written decision, this Court specifically ruled that the State Court Action was in fact "futile" because the Court, as a matter of law, was "free to order the ZBA to issue a zoning permit without regard to state zoning laws." See Memorandum and Order at 11. This Court also described the State Court Action as a "naked attempt to circumvent a previous federal court injunction, and, as such, completely lack[ing in] merit," and concluded that although the Court lacked removal jurisdiction, Nextel was free to bring a separate federal action seeking an injunction enjoining the defendants from maintaining the State Court Action. Id.

14. Nextel has now commenced precisely such an action. It seeks a permanent injunction directing the defendants to dismiss their State Court Action with prejudice. Nextel also asks that pending a show cause hearing, defendants be temporarily restrained from taking any further steps with respect to the State Court Action or otherwise attempting to frustrate this Court's previous injunction.

15. A temporary restraining order is appropriate because defendants have unlawfully harmed Nextel and continue to inflict irreparable harm. As a direct and foreseeable result of defendants' conduct, Nextel has lost customers, has suffered harm to its reputation in that it has been unable to provide competitive wireless service throughout the Town of Wayland and has been unable to exercise its right to provide such service in accordance with federal law and as contemplated by this Court's injunction in *Wayland I*. See Verified Complaint at ¶ 25.

16. Nextel respectfully requests that the Court issue a Temporary Restraining Order in the form of the proposed order submitted herewith.

**LEGAL ARGUMENTS**

17. The All Writs Act, 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." See 28 U.S.C. § 1651. In the First Circuit, as elsewhere, it is recognized that the All Writs Act provides federal district courts with authority to issue injunctions. See, e.g., In re. G.S.F. Corp., 938 F.2d 1467, 1475 n. 6 (1st Cir. 1991).

18. The Anti-Injunction Act, 28 U.S.C. § 2283, limits the application of the All Writs Act with respect to state court proceedings, but contains three specific exceptions to this general limitation. Under these exceptions, federal courts may enjoin state court proceedings (1) when injunctive relief is expressly authorized by Act of Congress, (2) when injunctive relief is necessary to aid the Court in its jurisdiction, and (3) when injunctive relief is necessary to protect or effectuate the Court's judgments. Id. The third exception is known as the relitigation exception. See Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1970); De Cosme v. Sea Containers, LTD, 874 F.2d 66, 68 (1st Cir. 1989).

19. The injunctive relief sought by Nextel is necessary and appropriate under the relitigation exception because the State Court Action is frivolous and was instituted by the defendants to delay, hinder and impair the implementation of this Court's January 3, 2003 permanent injunction. Numerous courts have recognized that the relitigation exception applies to state court actions brought for such improper purposes. BGW Associates, Inc v. Valley Broadcasting Co., 532 F.Supp. 1115, 1119 (S.D.N.Y. 1982) (holding that the relitigation

6

exception applies when the only explanation for a state court action was to "harass [the plaintiff] and delay and impair [the plaintiff's] ability to collect on its [federal court] judgment"); See also Triparti v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (holding that there is "no constitutional right of access to courts to prosecute an action that is frivolous or malicious"); In re Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir. 1982) (holding that 28 U.S.C. § 1651 empowers courts to give injunctive relief against vexatious litigation); Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980) ("The district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents."); Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, § 4226 (1989).

20.  As this Court has already observed, the defendants' State Court Action "completely lacks merit" and was improperly brought as a "naked attempt to circumvent a previous federal court injunction." See Memorandum and Order at 11. Consequently, this Court clearly is authorized pursuant to the relitigation exception to the Anti-Injunction Act to enjoin the defendants from maintaining the State Court Action or otherwise interfering with Nextel's right to develop the antenna facility at issue.

21.  What is more, the relitigation exception prohibits the relitigation of issues that were previously decided by the federal court. See Garcia v. Bauza-Salas, 862 F.2d 905, 910 (1st Cir. 1988) (holding that the relitigation exception "applies where a federal court enters a judgment deciding certain issues or claims and then a state court attempts to either rehear those contentions or to block the effect of the earlier federal-court judgment"). Here, defendants are attempting to challenge the authority of this Court to issue a decree ordering the Town to issue the variance and site plan approval necessary for Nextel to develop the antenna facility, even though that authority is well established.

22.     Indeed, in *Wayland I*, the Court already heard the evidence and decided that Nextel had a right under federal law to deploy its facility, and this is reflected in the Court's November 22, 2002 order and in the permanent injunction issued on January 3, 2003. As this Court recognized in the December 16, 2003 Memorandum and Order, under Brehmer v. Planning Board of Wellfleet, 238 F.3d 117 (1st Cir. 2001), "this court was free to order the ZBA to issue a zoning permit without regard to state zoning laws."

23.     The State Court Action simply seeks to delay the enforcement of this Court's judgment by relitigating this Court's authority to order town officials to issue zoning permits without regard to state zoning laws, an issue previously decided by this Court. As such, the State Court Action falls within the scope of the relitigation exception and the issuance of an injunction enjoining the defendants' from maintaining the State Court Action is both necessary and appropriate.

24.     A Temporary Restraining Order also is warranted until this Court can make a final determination because the defendants' conduct has and continues to cause irreparable harm to Nextel. As a result of the State Court Action, Nextel has been unable to obtain the building permit necessary for it to develop the antenna facility and, therefore, has been unable to expand wireless service in the Town as provided for in the TCA and as contemplated by this Court's January 3, 2003 injunction. See Verified Complaint herein at ¶ 24. Nextel's inability to expand its wireless service has resulted in an unquantifiable loss of customers and irreparable harm to its reputation in the Wayland area. The irreparable harm to Nextel's business and reputation will continue to occur until the defendants are enjoined from maintaining their frivolous State Court Action and from otherwise interfering with Nextel's effort to expand wireless service in the Town of Wayland.

**WHEREFORE**, Nextel respectfully requests that the Honorable Court:

A. Issue a Temporary Restraining Order enjoining the defendants, and each of their officers, agents, servants, employees, and attorneys and anyone else acting in active concert or participation with them a from taking any further action with respect to the State Court Action;

B. Issue a Temporary Restraining Order enjoining the defendants, and each of their officers, agents, servants, employees, and attorneys and anyone else acting in active concert or participation with them from attempting to prevent, delay, hinder, or otherwise interfere with Nextel's development of the wireless antennae facility at issue;

C. Order the defendants to appear and show cause at a hearing to be held before this Court why they should not be required to file a notice of dismissal, with prejudice in the State Court Action; and

D. Grant Nextel such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Date: 2/11/04

By: _____
Steven E. Grill, Esquire
111 Amherst Street, PO Box 719
Manchester, NH 03105
(603) 669-1000

J:\wdox\docs\clients\10339\61411\M0544094.DOC