UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nextel Communications of the Mid-Atlantic Inc., d/b/a ) | |
| Nextel Communications ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| Russell's Garden Center, Inc.; Edmund C. Rice; ) | |
| George L. Rice; Allison C. Russell; Charlotte B. Russell; ) | CASE NO.: |
| John W. Russell; Timothy M. Skehan; Charlotte B. Russell ) | 04-CV-10290-REK |
| Trustee of the 105 Pelham Island Road Trust;  Lewis S. ) | |
| Russell, Jr., Trustee of  the 105 Pelham Island Road ) | |
| Trust; Timothy Skehan, Trustee of the 101 Pelham Island ) | |
| Road Trust; Ann S. Webster, Trustee of the 262-292 ) | |
| Boston Post Road Realty Trust ) | |
| ) | |
| ) | |
| Defendants ) | |

**MOTION FOR ORDER TO SHOW CAUSE**

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel

Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, Professional

Association, respectfully moves for an order directing the defendants, the Town of Wayland,

Massachusetts ("Wayland" or the "Town"), and any other interested party with notice of such

order to appear and show cause why the Town should not be required to disregard a futile

challenge pending in a state court to a federal court injunction issued on January 3, 2003, and to

file the variance which the Town granted to Nextel on January 30, 2003 so that Nextel can

proceed with construction of an antenna facility without further delay.  In support of its Motion,

Nextel states as follows:

## INTRODUCTION

1.      This action was commenced by Nextel in response to a state court lawsuit filed by the defendants herein, who claim to be residents of Wayland and to live near the site of a proposed Nextel wireless telecommunications facility (hereinafter the "Abutters"). By filing the state court lawsuit, the Abutters sought to frustrate a Permanent Injunction issued by this Court on January 3, 2003, which directed the Town to "issue FORTHWITH, the variance and site plan approval sought by [Nextel] which shall authorize the installation of the Nextel wireless telecommunications facility . . .."

2.      The Abutters have, in fact, prevented the implementation of the Court's Permanent Injunction because the Town has taken the position that even though it has already *issued* the variance as required by this Court, under state law it cannot *file* the variance with the Town Clerk while the Abutters' state court lawsuit is still pending. In turn, the Town's building inspector has not, and will not, issue a building permit to Nextel until the variance is filed.

3.      Because the state court lawsuit constitutes an impermissible collateral attack on a final federal court judgment it is a nullity as a matter of law. A final federal court judgment simply is not subject to challenge in state court. The only methods to challenge a final federal court judgment are either a timely appeal to the appropriate federal appellate court, or a motion to modify or set aside the judgment directed to the court which rendered it. The Abutters did neither.

4.      Nextel respectfully requests that the Court issue an order directing the defendants, the Town, and any other interested party with notice of the order to appear and show cause why the Town should not fully implement the Court's January 3, 2003 Permanent Injunction by filing the variance and issuing the building permit to Nextel.

## FACTUAL BACKGROUND[1]

5.      Nextel is licensed by the United States to provide "personal wireless services," as that term is defined by the Telecommunications Act of 1996 (the "TCA"), see 47 U.S.C. § 332 (c)(7)(i), in various areas, including Massachusetts.  In order to provide such services, Nextel needs to deploy a network of antenna facilities, defined by federal statute as "personal wireless services facilities," 47 U.S.C. § 332(c)(7)(C)(ii), throughout the area to be served.  Nextel presently has no antenna facilities in the Town of Wayland, Massachusetts, and has been attempting for nearly ten years to deploy such facilities in that Town.[2]

6.      On February 15, 2002, Nextel commenced <u>Nextel Communications v. Town of Wayland</u>, Case No. 02-10260-REK, reported at 231 F.Supp.2d 396 (D.Mass. 2002) (hereinafter "*Wayland I*"), in which it claimed that the Town of Wayland had violated the TCA by, <u>inter</u> <u>alia</u>, refusing to allow Nextel to deploy an antenna facility atop an existing 97' tall electric transmission tower, which antenna facility is required by Nextel in order to provide wireless service in Wayland.

7.      Although the Abutters had at least constructive notice of the filing of *Nextel I*, they did not seek to intervene in the litigation.

8.      On November 22, 2002, this Court issued an Opinion and Order by which it granted Nextel summary judgment on the grounds that the Town's denial of permission to build the proposed antenna facility was not based upon substantial evidence contained in a written record, and that the Town's regulatory scheme, as applied by Town officials, had the effect of prohibiting Nextel from providing personal wireless services in violation of the TCA.

---

[1] The factual allegations set forth herein are attested to in the Verified Complaint (the "Verified Complaint"), filed contemporaneously herewith and incorporated herein.
[2] Nextel's efforts to provide wireless service in Wayland are described in this Court's decision in   <u>Nextel Communications v. Town of Wayland</u>, Case No. 02-10260-REK, reported at 231 F.Supp.2d 396 (D.Mass. 2002).

9.      On January 3, 2003, the Court entered a permanent injunction (the "Permanent Injunction") directing the Town and its agencies to issue the variance and site plan approval needed by Nextel in order to install the proposed antenna facility.  A copy of the permanent injunction is annexed to Nextel's Verified Complaint as Exhibit A.

10.     The Abutters never sought to modify or set aside this decree.

11.     The Town partially complied with the Permanent Injunction by issuing a variance to Nextel on January 30, 2003.  The Town did not, however, file the variance with the Town Clerk.  See Verified Complaint at ¶ 24.

12.     On February 19, 2003, the Abutters filed a complaint in the Trial Court for the Commonwealth of Massachusetts, Land Department, Case No. 287705 Misc. (the "State Court Action"), by which they sought to "annul" the variance which the Town had issued in compliance with the Permanent Injunction.  The Abutters claim that the variance was issued in violation of Massachusetts state zoning laws despite the fact that the variance was issued pursuant to the Permanent Injunction and despite the fact that the TCA clearly authorizes the Court to issue this relief without regard to state and local zoning laws.  A copy of the State Court Action complaint is annexed to the Verified Complaint as Exhibit B.

13.     Since the filing of the State Court Action, the Town has taken the position that, under state law, it cannot file the variance which it issued on January 30, 2003.  See Verified Complaint at ¶ 24.  Because the variance has not been filed, the Town's building inspector has refused to issue the building permit that Nextel needs to deploy the antenna.  Id.  Thus, by filing the State Court Action, the Abutters have frustrated and blocked the implementation of the Permanent Injunction.

14.    Nextel timely removed the State Court Action to this Court and then moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that it failed to state a claim upon which relief could be granted.  The Abutters responded to Nextel's motion to dismiss by filing a motion to remand with this Court.

15.    This Court (Keeton, J.) held oral argument on May 28, 2003, to address Nextel's motion to dismiss and the Abutters' motion to remand.   At the conclusion of oral argument, the Court granted Nextel's motion to dismiss and denied the Abutters' motion to remand.  The Court, however, did not certify this dismissal as a final order.

16.    On December 16, 2003, the Court issued a Memorandum and Order (the "Memorandum and Order") by  which it reconsidered its bench rulings of May 28, 2003 and determined that, <u>inter</u> <u>alia</u>, the Court lacked removal jurisdiction over the State Court Action.  As a result, the Court remanded the State Court Action to the Massachusetts state court.  A copy of the Memorandum and Order is annexed to the Verified Complaint as Exhibit C.

17.    In its written decision, this Court specifically ruled that the State Court Action was "futile" because the Court, as a matter of federal law, was "free to order the ZBA to iss ue a zoning permit without regard to state zoning laws."  <u>See</u> Memorandum and Order at 11.  This Court also described the State Court Action as a "naked attempt to circumvent a previous federal court injunction, and, as such, completely lack[ing in] merit," and concluded that although the Court lacked removal jurisdiction, Nextel was free to bring a separate federal action seeking an injunction enjoining the Abutters from pursuing the State Court Action.  <u>Id</u>.

18.    The above-captioned matter, commenced by Nextel on February 11, 2004, is precisely such an action.

19.     Nextel now requests an order from the Court directing the defendants, the Town, and any other interested party with notice of such order to appear and show cause why the Town should not be required to disregard the Abutter's state court challenge to the injunction issued of this Court on January 3, 2003 and to file the variance granted to Nextel so that the construction of the antenna facility can proceed without further delay.

## **LEGAL ARGUMENT**

### I.      THE STATE COURT ACTION IS A NULLITY BECAUSE IT IS AN IMPROPER COLLATERAL CHALLENGE TO A FINAL FEDERAL COURT JUDGMENT

20.     A final federal court judgment cannot be attacked in state court. This has been settled for over 100 years. See Central National Bank v. Stevens, 169 U.S. 432, 460-61 (1898) (state courts are "destitute of all power" to interfere with the decisions or proceedings of federal courts); See also Delaware Valley Citizens' Counsel v. Commonwealth of Pennsylvania, 755 F.2d 38, 45 (3d Cir. 1985); Southeastern Pennsylvania Transportation Authority v. Pennsylvania Public Utility Commission, 210 F.Supp.2d 689, 717 (E.D. Pa. 2002) ("A rule of law allowing parties displeased with the outcome of a federal court action to challenge the federal judgment in state court would render federal judgments absolutely meaningless."). The only procedures for challenging a final federal court judgment are either an appeal to the appropriate federal appellate court, or a motion to modify or set aside the judgment directed to the court which rendered it. See Stoll v. Gottlieb, 305 U.S. 165, 170 (1938) ("[W]here a judgment or decree of the federal court determines a right under federal statute, that decision is 'final until reversed in an appellate court, or modified or set aside in the court of its rendition'" [quoting Deposit Bank v. Frankfort, 191 U.S. 499, 520 (1903)]). A state court lawsuit which challenges a final federal court judgment is improper and any state court judgment that contradicts a prior final federal

court judgment is unenforceable and a nullity as a matter of law. See Delaware Valley, 755 F.2d at 45 (nullifying a state court decision that conflicted with a prior federal court judgment).

21.    In Delaware Valley, various Pennsylvania state legislators filed a state court action three years after a consent decree was entered in federal court under the Clean Air Act. Delaware Valley, 755 F.2d at 40. The legislators sought a declaratory judgment that the consent decree was a nullity because the state officials lacked the authority to enter into the consent decree. Id. The case worked its way through the state courts and the Pennsylvania Supreme Court eventually ruled in favor of the state legislators, holding that the state officials lacked the authority to enter into the federal consent decree and that the federal decree was "a nullity." Id. at 41. The court then remanded the case to the trial court which enjoined the Pennsylvania Department of Transportation from respecting the terms of the consent decree. Id. Relying on the Pennsylvania Supreme Court's decision, the Commonwealth moved the federal district court to vacate the consent decree pursuant to Fed.R.Civ.P. 60(b)(5). Id. The court denied the motion and the Commonwealth appealed to the Third Circuit Court of Appeals. Id. The Third Circuit, relying on the Full Faith and Credit Clause and the Supremacy Clause of the United States Constitution, held that the state court lawsuits constituted an impermissible collateral attack on a final federal judgment because "a final federal court judgment based on federal law cannot be collaterally attacked by a state court." Delaware Valley, 755 F.2d at 45. The Third Circuit held that the Pennsylvania Supreme Court's decision was a nullity because a state cou rt is incompetent "to interfere with a final, federal court judgment bottomed on federal law." Id. at 44. Delaware Valley, therefore, establishes that a state court lawsuit that collaterally challenges a final federal judgment based on federal law is a nullity as a matter of law. See also Indiana Public Interest Research Group v. City of Bloomington, 501 N.E.2d 476 (Ind. App. 1986) (state

courts are incompetent to decide a collateral challenge to a final federal court judgment based on federal law because "[t]o permit such an attack would lead to uncertainty and render the concept of final judgments meaningless").

22.    Here, the Abutters seek an order from a state court "annulling" the variance which the Court ordered the ZBA to issue.  The State Court Action thus constitutes a collateral attack on a final judgment issued by this Court pursuant to the TCA.  As <u>Delaware Valley</u> and <u>INPIRG</u> make clear, the Massachusetts state court is incompetent as a matter of law even to consider the claims for relief asserted in the State Court Action.  Instead, the only procedures which might have been available for the Abutters were an appeal to the First Circuit Court of Appeals or a motion to modify or set aside the Permanent Injunction.[3]  The Abutters did not pursue either of these options, but instead chose to collaterally attack the Permanent Injunction in a state court lawsuit.  Since the Massachusetts state court is "destitute of the power" to issue the requested relief, the State Court Action is a nullity as a matter of law.  <u>Central National Bank</u>, 169 U.S. at 460-61.

23.    Because the State Court Action is a nullity, it does not, and cannot, excuse the Town's refusal to file the variance required by the Permanent Injunction.

**WHEREFORE**, Nextel respectfully requests that the Honorable Court:

A.    Issue an order in the form of the proposed order submitted herewith directing the defendants, the Town, and any other interested party with notice of such order to appear and show cause why the Town should not be required to disregard the futile action pending in the

---

[3] A motion to modify or set aside the Permanent Injunction based on an alleged violation of Massachusetts zoning law would be "futile" because the Permanent Injunction was issued under the well-established doctrine that a mandatory injunctive order directing a local board to issue a permit is the proper remedy where a telecommunications carrier has had its statutory right to deploy facilities violated.  <u>See Brehmer</u>, 238 F.3d 117, 120-21 (1st Cir. 2001);  <u>See also Nat'l Tower, LLC v. Plainville Planning Board of Appeals</u>, 297 F.3d 14, 24-25 (1st Cir. 2002).  A federal court is free to issue such relief without regard to state zoning laws.  <u>See Brehmer</u>, 238 F.3d at 121-22.

state court, and to fully implement the federal injunction issued on January 3, 2003 by filing the variance granted to Nextel on January 30, 2003 and granting a building permit to Nextel so that the construction of the antenna facility can proceed without further delay;

B.    Following such hearing, issue an order stating that the State Court Action constitutes an impermissible collateral attack on a final federal court action, is a nullity as a matter of law and shall be disregarded by the Town of Wayland;

C.    Also following such hearing, issue an order requiring the Town forthwith to file the variance which it issued on January 30, 2003, and to issue a building permit to Nextel for the subject wireless telecommunications facility; and,

D.    Grant Nextel such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Date:  March 4, 2004          By:    _____/s/ Steven E. Grill_____
                                      Steven E. Grill, Esquire
                                      111 Amherst Street, PO Box 719
                                      Manchester, NH 03105
                                      (603) 669-1000

J:\wdox\docs\clients\10339\61411\M0558850.DOC