UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nextel Communications of the Mid-Atlantic Inc., d/b/a Nextel Communications<br><br>     Plaintiff<br><br> v.<br><br>Russell's Garden Center, Inc.; Edmund C. Rice; George L. Rice; Allison C. Russell; Charlotte B. Russell; John W. Russell; Timothy M. Skehan; Charlotte B. Russell Trustee of the 105 Pelham Island Road Trust; Lewis S. Russell, Jr., Trustee of the 105 Pelham Island Road Trust; Timothy Skehan, Trustee of the 101 Pelham Island Road Trust; Ann S. Webster, Trustee of the 262-292 Boston Post Road Realty Trust<br><br>     Defendants | CASE NO.:<br>04-CV-10290-REK |

## REQUEST FOR ENTRY OF DEFAULT BY CLERK

**NOW COMES** the plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, Professional Association, and requests that the Clerk of the Court enter the default of the defendants upon the docket pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In support of its Motion, Nextel states as follows:

  1. Nextel commenced this action on February 11, 2004 by filing a Complaint seeking to enjoin the defendants from proceeding with an action which this Court had remanded to the Trial Court for the Commonwealth of Massachusetts, Land Department, but which this Court had already found to be without merit and to constitute an improper effort to frustrate the implementation of a permanent injunction previously issued by this

Court.  Summonses were issued by the Court on the same day.

2. Service was completed on all defendants on February 18, 2004 and returns of service were filed with the Court on February 19, 2004.  See Executed Returns of Service on file with the Court, true copies of which are annexed hereto as Exhibit A.

3. Defendants had until March 9, 2004 to answer or otherwise respond to the Complaint.

4. On March 17, 2004, counsel for Nextel wrote to each of the defendants and notified them that Nextel intended to seek a default judgment against them unless they answered the Complaint.

5. To date, counsel for Nextel has not received any appearance, answer, or other response to the Complaint by any of the defendants; has not been contacted with any request for extension of time by any of the defendants; and has not received any response to the March 17, 2004 letter from any of the defendants.

6. The Court's docket likewise reflects that no appearance, answer or other response has been filed.

7. In short, each of the defendants have "failed to plead or otherwise defend as provided by" the Federal Rules of Civil Procedure.  Accordingly, a default should now be entered on the docket.  See Fed.R.Civ.P. 55(a).

**WHEREFORE**, Nextel respectfully requests that the Clerk of the Court:

A. Enter the default of each of the defendants on the docket as set forth in Federal Rule of Civil Procedure 55(a); and

B. Grant Nextel such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Date: __4/7/04____        By: ____/s/ Steven E. Grill_____
                              Steven E. Grill, Esquire
                              111 Amherst Street, PO Box 719
                              Manchester, NH 03105
                              (603) 669-1000

## CERTIFICATION

I hereby certify that on the 7th day of April 2004, copies of the foregoing *Request for Entry of Default by Clerk* were forwarded to each of the defendants by postage prepaid, First Class, United States Mail.

____/s/ Steven E. Grill_____
Steven E. Grill, Esquire

J:\wdox\docs\clients\10339\61411\M0571343.DOC