

DEVINE
MILLIMET

ATTORNEYS AT LAW

March 17, 2004

STEVEN E. GRILL
603.695.8755
SGRILL@DEVINEMILLIMET.COM

John W. Russell
395 Boston Post Road
Wayland, MA 01778

Re:     Nextel Communications v. Russell's Garden Center, Inc., et al.
        Case No. 04-CV-10290-REK

Dear Mr. Russell:

We are the attorneys for Nextel Communications of the Mid-Atlantic, Inc. ("Nextel"), the
plaintiff in the above matter. On February 18, 2004, you were served with Nextel's Summons
and Complaint in connection with the same. You were required to file an answer no later than
March 9, 2004. See copy of United States District Court Docket, enclosed herewith. Neither this
office nor the Court has any record of such answer being filed. We accordingly intend to seek a
default judgment against you.

As you are no doubt aware, the relief sought in this case includes a request that you be enjoined
from further prosecution of the state court lawsuit, Russell's Garden Center, Inc. v. Nextel
Communications, et al., Case No. 287705 Misc. Should you wish to end this litigation
voluntarily, i.e., without waiting for a default judgment to be entered against you, kindly sign the
enclosed Stipulation of Dismissal With Prejudice and return it to me, whereupon I will
countersign it and file it with the Court.

Should you choose not to end the litigation, we must caution you that such conduct is not without
risk. In this regard, we direct your attention to the decision by Judge Keeton dated December 16,
2003, which was included with the papers previously served upon you, as well as a copy of Judge
Woodlock's recent decision in Livingstone, et al. v. Nextel Communications, et al., a copy of
which is enclosed herewith. Should the litigation not be ended, Nextel will seek to recover its
attorneys' fees and costs to the extent permitted by law.

Finally, we call your attention to the fact that your counsel of record, Edward Collins, has been
suspended from the practice of law and this office accordingly will not accept communications
from him on your behalf. If you have new counsel, please have him contact me at once.

March 17, 2004
Page 2

Thank you in advance for your prompt attention to this matter.

Very truly yours,

Steven E. Grill

SEG:gpl
Enclosures

J:\wdox\docs\clients\10339\61411\M0565581.DOC

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
LAND COURT DEPARTMENT

Case No. 287705 Misc.

Russell's Garden Center, Inc.; Edmund C. Rice;
George L. Rice; Allison C. Russell; Charlotte B. Russell,
Trustee of the 105 Pelham Island Road Trust; Lewis S.
Russell, Jr., Trustee of the 105 Pelham Island Road
Trust; Timothy Skehan, Trustee of the 101 Pelham Island
Road Trust; Ann S. Webster, Trustee of the 262-292
Boston Post Road Realty Trust

Plaintiffs,

v.

Nextel Communications of the Mid-Atlantic Inc., d/b/a Nextel
Communications; the Town of Wayland, Massachusetts; the
Zoning Board of Appeals of the Town of Wayland; Steven
James Fugarazzo, Lawrence K. Glick, Eric B. Goldberg,
James E. Grumbach Susan F. Koffman, Carolyn J. Klein,
Mary L. Lentz, and Shaunt H. Sarian, as they are members of
the Zoning Board of Appeals of the Town of Wayland; the
Massachusetts Bay Transportation Authority; and
Boston Edison Company,

Defendants.

## STIPULATION OF DISMISSAL WITH PREJUDICE

The undersigned hereby stipulates to dismissal of this action, with prejudice, each party

to bear its own costs of this action.

Respectfully submitted,

NEXTEL COMMUNICATIONS OF THE
MID-ATLANTIC, INC., d/b/a NEXTEL
COMMUNICATIONS et al

By their attorneys,

DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION

Dated: _____                    _____
                                         Steven E. Grill, Esquire
                                         Matthew R. Johnson, Esquire (BBO # 636297)
                                         111 Amherst St., P.O. Box 719
                                         Manchester, NH 03105-0719
                                         (603) 669-1000

                                         -- and --

Dated: _____                    _____
                                         John W. Russell

J:\wdox\docs\clients\10339\61411\M0565601.DOC

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-10290-REK

Nextel Communications of the Mid-Atlantic Inc. v. Russell's
Garden Center, Inc. et al
Assigned to: Robert E. Keeton
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 47:332(c) Federal Telecommunications Act of 1996

Date Filed: 02/11/04
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

------------------------

**Nextel Communications of the Mid-Atlantic Inc.**

represented by **Steven E. Grill**
Devine, Millimet & Branch
111 Amherst Street
PO Box 719
Manchester, NH 03105-0719
603-669-1000
Fax : 603-695-8700
Email: sgrill@devinemillimet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*dba*
**Nextel Communications**

V.

**Defendant**

------------------------

**Russell's Garden Center, Inc.**

**Edmund C. Rice**

**George L. Rice**

**Allison C. Russell**

**Charlotte B. Russell**

**John W. Russell**

**Timothy Skehan**

**Lewis S. Russell,** *Trustee of the 105*

**Pelham Island Road Trust**

**Ann S. Webster,** *Trustee of the 262-292 Boston Post Road Realty Trust*

| Filing Date | # | Docket Text |
|---|---|---|
| 02/11/2004 | 1 | COMPLAINT against Edmund C. Rice, George L. Rice, Allison C. Russell, Charlotte B. Russell, John W. Russell, Lewis S. Russell, Russell's Garden Center, Inc., Timothy Skehan, Ann S. Webster Filing fee: $ 150, receipt number 53732, filed by Nextel Communications of the Mid-Atlantic Inc..(Folan, Karen) (Entered: 02/12/2004) |
| 02/11/2004 | | Summons Issued as to Edmund C. Rice, George L. Rice, Allison C. Russell, Charlotte B. Russell, John W. Russell, Lewis S. Russell, Russell's Garden Center, Inc., Timothy Skehan, Ann S. Webster. (Folan, Karen) (Entered: 02/12/2004) |
| 02/11/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Folan, Karen) (Entered: 02/12/2004) |
| 02/11/2004 | 2 | MOTION for Leave to Appear Pro Hac Vice by Steven Grill Filing fee $ 50.00, receipt number 53772. by Nextel Communications of the Mid-Atlantic Inc..(Folan, Karen) (Entered: 02/12/2004) |
| 02/11/2004 | 3 | DECLARATION of Steven Grill re 2 MOTION for Leave to Appear Pro Hac Vice by Steven Grill Filing fee $ 50.00, receipt number 53772.. (Folan, Karen) (Entered: 02/12/2004) |
| 02/11/2004 | 4 | MOTION for Temporary and Permanent Injunctive Relief, with points of law by Nextel Communications of the Mid-Atlantic Inc.. (Folan, Karen) (Entered: 02/12/2004) |
| 02/17/2004 | 5 | NOTICE of Hearing on Motion 4 MOTION for Temporary Restraining Order: Motion Hearing set for 2/24/2004 11:00 AM in Courtroom 3 before Robert E. Keeton. (Nicewicz, Craig) (Entered: 02/17/2004) |
| 02/19/2004 | 6 | SUMMONS Returned Executed Russell's Garden Center, Inc. served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 7 | SUMMONS Returned Executed John W. Russell served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |

| 02/19/2004 | 8 | SUMMONS Returned Executed Allison C. Russell served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
|---|---|---|
| 02/19/2004 | 9 | SUMMONS Returned Executed Charlotte B. Russell served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 10 | SUMMONS Returned Executed as to Charlotte B. Russell, Trustee on 2/18/04. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 11 | SUMMONS Returned Executed Lewis S. Russell served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 12 | SUMMONS Returned Executed Timothy Skehan Trustee served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 13 | SUMMONS Returned Executed Timothy Skehan served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 14 | SUMMONS Returned Executed George L. Rice served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 15 | SUMMONS Returned Executed Edmund C. Rice served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/19/2004 | 16 | SUMMONS Returned Executed Ann S. Webster served on 2/18/2004, answer due 3/9/2004. (Folan, Karen) (Entered: 02/23/2004) |
| 02/24/2004 | | Electronic Clerk's Notes for proceedings held before Judge Robert E. Keeton : Hearing held on 2/24/2004, Motions terminated: allowing 2 MOTION for Leave to Appear Pro Hac Vice by Steven Grill Filing fee $ 50.00, receipt number 53772. filed by Nextel Communications of the Mid-Atlantic Inc. Colloquy re representation of defendants. Colloquy re #4. Plaintiff requests order to show cause, temporary injunction, and permanent injunction. Town will not file variance while state court action is pending. Court asks whether it would be possible to get all defendants to dismiss. Court asks whether it would be better to simply order the town to file the variance. Court states that plaintiff should invite the town to appear, before court rules. Plaintiff states that he is troubled by defendants' former counsel's presence, and states that, if the former counsel returns and reports to |

|            |        | his former clients, that might constitute the practice of law. (Court Reporter Killian.) (Folan, Karen) (Entered: 02/24/2004) |
|------------|--------|---------------------------------------------------------------------------------------------------|
| 03/04/2004 | <u>17</u> | MOTION for Order to Show Cause by Nextel Communications of the Mid-Atlantic Inc..(Grill, Steven) (Entered: 03/04/2004) |
| 03/04/2004 | <u>18</u> | Proposed Document(s) submitted by Nextel Communications of the Mid-Atlantic Inc. received for filing. Document received: Order to Show Cause. (Grill, Steven) (Entered: 03/04/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/15/2004 09:19:51 | | |
| **PACER Login:** | dm0013 | **Client Code:** | 10339-61411 |
| **Description:** | Docket Report | **Case Number:** | 1:04-cv-10290-REK |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
---------------------------------------)
ELIZABETH LIVINGSTONE n/k/a ELIZABETH  )
PATRICK, SALVATORE DEL DEO, and        )    CIVIL ACTION NO.
JOSEPHINE C. DEL DEO,                   )    03-11934-DPW
     Plaintiffs,                        )
                                        )
     v.                                 )
                                        )
BARNETT ADLER, HOWARD BURCHMAN, ELLEN  )
BATTAGLINI, and ANNE HOWARD, as they   )
are all regular and alternate members  )
of the Planning Board of the Town of   )
Provincetown, NEXTEL COMMUNICATIONS OF )
THE MID-ATLANTIC, INC. d/b/a NEXTEL    )
COMMUNICATIONS, and RICHARD WRIGLEY,   )
     Defendants.                        )
---------------------------------------)

---------------------------------------)
ELIZABETH LIVINGSTONE n/k/a ELIZABETH  )
PATRICK, SALVATORE DEL DEO, and        )    CIVIL ACTION NO.
JOSEPHINE C. DEL DEO,                   )    03-11935-DPW
     Plaintiffs,                        )
                                        )
     v.                                 )
                                        )
LYNNE DAVIES, STEVEN MELAMED, ALBERT   )
PROIA, PETER PAGE, GARY REINHARDT, and )
HOWARD WEINER, as they are all regular )
and alternate members of the Zoning    )
Board of Appeals of the Town of        )
Provincetown, NEXTEL COMMUNICATIONS OF )
THE MID-ATLANTIC, INC. d/b/a NEXTEL    )
COMMUNICATIONS, and RICHARD WRIGLEY,   )
     Defendants.                        )
---------------------------------------)
```

MEMORANDUM AND ORDER
March 10, 2004

These related actions involve attempted state law collateral

attacks on a federal court judgment.  In the original litigation

underlying these cases, Nextel Communications challenged the

actions of the Town of Provincetown, its Planning Board, Zoning

-1-

Board of Appeals ("ZBA"), and individual ZBA members (all defendants collectively, "the Town") in denying Nextel's request to place a wireless communications facility ("WCF") in the cupola of a private home.  See Nextel v. Town of Provincetown, No. 02-11646 (D. Mass. June 26, 2003).  I granted summary judgment in favor of Nextel on grounds that the Town's actions were not based on substantial evidence in a written record, and constituted effective prohibition of wireless services, in violation of the Telecommunications Act of 1996  ("TCA"), 47 U.S.C. §§ 151 et seq. I ordered the Town and its various boards to issue all permits necessary for Nextel to begin work.  Shortly thereafter, the Town issued the required permits.

Plaintiffs, who live near the site of the WCF, then challenged the Town's issuance of the permits in Massachusetts Superior Court, alleging that the Town's action was improper under Massachusetts law.  The errors alleged by Plaintiffs all arise from the fact that the Town complied with my order.  Nextel removed the action to federal court.  The cases are before me on (a) a motion by the Town and plaintiffs to remand to state court, and (b) Nextel's motion to dismiss.  I will grant the motion to remand, and consequently do not reach the motion to dismiss.

## I. BACKGROUND

The undisputed facts underlying the original litigation, brought under the TCA, are set forth in my June 26, 2003 Memorandum and Order ("Order"), and need not be repeated here.

-2-

See No. 02-11646, slip op. at 3-14.  On June 26, 2003 I entered a judgment ordering that "the Town of Provincetown, and its instrumentalities, shall issue all approvals and permits necessary to allow construction of the proposed facilities to begin without further delay."  No. 02-11646, Doc. No. 38.

On August 8, 2003 the ZBA issued the necessary variances to Nextel, and on August 25, 2003 the Planning Board issued the necessary special permit, with waivers.

On August 28, 2003 plaintiffs filed two complaints in the Barnstable County (Massachusetts) Superior Court, challenging respectively the variances granted by the ZBA and the special permit issued by the Planning Board.  In brief, each complaint alleged that the Town, board and individual board members exceeded their authority and abused their discretion by failing to provide notice to plaintiffs before their August 2003 actions; failed to hold a public hearing before rendering their decisions; exceeded the authority granted them by the Provincetown zoning by-laws; and rendered decisions that were arbitrary and capricious.  These claims were all stated as violations of Mass. Gen. Laws ch. 40A.  Plaintiffs prayed for the Superior Court to determine that each board erred in granting the variance/special permit, and "annul the decision."

On October 3, 2003, Nextel removed the case to federal court.  Nextel timely moved to dismiss, and the Town defendants, joined by plaintiffs, timely moved to remand to state court.

**II. DISCUSSION**

-3-

In its Notices of Removal, Nextel alleged that jurisdiction was proper under 28 U.S.C. § 1331 (federal question jurisdiction), because plaintiffs' state law collateral attack is completely preempted by the prior federal court order. The Town contends that the well-pleaded complaint rule bars removal on the basis of preemption, which is a federal defense.[1]

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393. An exception is the "complete preemption" doctrine, under which "the pre-emptive

---

[1] I note as a threshold matter that removal was plainly improper in this case because it was done without the unanimous consent of all defendants. See Lapides v. Bd. of Regents, 535 U.S. 613, 620 (2002) (citing Chicago, Rock Island, & Pac. Ry. v. Martin, 178 U.S. 245, 248 (1900), for the proposition that "removal requires the consent of all defendants"); Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("Removal requires the consent of all of the defendants."); Hernandez v. Seminole County, 334 F.3d 1233, 1235 (11th Cir. 2003). Thus, even if the case presented a federal question, this lack of unanimity would constitute a separate procedural basis for remand. In order, however, to provide some measure of background information for the state Superior Court, which may be required to address this case on remand, I will discuss in this memorandum the various jurisdictional and substantive dimensions to the pending motions.

-4-

force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. at 393 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

After Nextel filed its notice of removal, the First Circuit addressed a case quite similar to this in Metheny v. Becker, 352 F.3d 458 (1st Cir. 2003). There the Boxborough (Massachusetts) Zoning Board of Appeals settled a TCA lawsuit brought by Omnipoint Communications, a telecommunications provider, by a consent judgment ordering Boxborough to issue a variance allowing Omnipoint to construct a telecommunications tower. After the variance was issued, several Boxborough residents sued Omnipoint and the board members in the Massachusetts Land Court, alleging that the issuance of the variance was an abuse of discretion under Mass. Gen. Laws ch. 40A, § 17. Omnipoint removed to federal court on the grounds that the state action was a collateral attack on the prior federal court judgment. See id. at 459.

The First Circuit observed at the outset that "the most obvious bases for removal were lacking":

> That the case might be regarded as an improper attack
> on a prior federal judgment does not provide grounds
> for removal. . . . The Telecommunications Act, which
> provides the ground rules for assessing the lawfulness
> of the Board's actions and preempts state laws imposing
> inconsistent requirements  contemplates the application
> of at least some local procedures in zoning decisions
> concerning wireless communications towers, and lacks a
> federal enforcement mechanism by which plaintiffs may
> proceed with claims of the type asserted in this

-5-

> action.  Thus, there is little reason to believe that,
> in passing the Act, Congress has so completely
> preempted plaintiffs' claims that the artful pleading
> doctrine is called into play . . . .  Finally, at least
> on its face, the complaint sounded only in Commonwealth
> law.

Id. at 460 (internal citations omitted).

The First Circuit then considered whether the doctrine of

"federal ingredient" jurisdiction might apply.  That doctrine

"permits removal of a well pleaded claim sounding in state law

which 'necessarily requires resolution of a substantial question

of federal law.'"  Id. at 460 (quoting Almond v. Capital Props.,

Inc., 212 F.3d 20, 23 (1st Cir. 2000)) (internal quotation marks

omitted).  The panel rejected Omnipoint's contention that,

because some of the state law claims addressed the same

substantive zoning issues that had caused the ZBA to deny the

permit initially, the claims therefore raised "substantial

question[s] of federal law" under the TCA.  See id. at 460-61.

Finally, the court clarified an earlier dictum from Brehmer

v. Planning Board, 238 F.3d 117, 119 (1st Cir. 2001), which had

created some ambiguity as to whether "without more, the

potentially preemptive effect of the Act on state law claims

seeking to undo a federal consent judgment is sufficient to

support removal."  Metheny, 352 F.3d at 461.  The Metheny court

explained that "Brehmer should not be read to support removal

whenever a state law claim might be preempted under the Act or

call into question a prior federal judgment."  Id. at 462.  The

Metheny court, which had raised the jurisdictional question sua

sponte, ultimately held that the case raised no federal question,

-6-

and that removal was improper. <u>See id.</u>; <u>see also</u> <u>Russell's
Garden Ctr.. Inc. v. Nextel Communications of the Mid-Atlantic,
Inc.</u>, 296 F. Supp. 2d 13 (D. Mass. 2003) (Keeton, J.) (addressing
similar issue and reaching same conclusion).

Nextel contends that <u>Metheny</u> is distinguishable because here
plaintiffs apparently oppose the WCF because of health concerns
related to radio frequency emissions, and such health-related
concerns are completely preempted by 47 U.S.C. § 332(c)(7)(B)
(iv). It cites <u>In re Wireless Telephone Radio Frequency
Emissions Products Liability Litigation</u> ("<u>Wireless Litigation</u>"),
216 F. Supp. 2d 474, 491 (D. Md. 2002), for the proposition that
removal is justified if plaintiffs could not prevail without a
court evaluating the validity and sufficiency of federal radio
frequency emissions standards. However, what the <u>Wireless
Litigation</u> court actually said is that removal would <u>not</u> be
warranted if plaintiffs "<u>could</u> prevail without a court evaluating
the validity and sufficiency of the federal standards." <u>Id.</u>
(emphasis added). There plaintiffs could not so prevail:

> [T]he central premise of each count of each complaint
> is that federal safety regulations governing wireless
> hand-held phones permit the sale of a product that is
> unreasonably dangerous to consumers. The only way a
> court can resolve this dispute and possibly grant
> plaintiffs the remedy they seek is for it to pass
> judgment on the validity of the federal RF standards.

<u>Id.</u> The court recognized, however, that "'[i]f a claim is
supported not only by a theory establishing federal subject
matter jurisdiction but also by an alternative theory which would
not establish such jurisdiction, then federal subject matter

-7-

jurisdiction does not exist.'"  Id. (quoting Mulcahey v. Columbia
Organic Chems. Co., 29 F.3d 148, 153 (4th Cir. 1994)); see also
Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 811
(1988).

In this case, plaintiffs have pled purely procedural claims,
such as failure to provide adequate notice or to conduct a public
hearing, and purely zoning-based claims, challenging the Town's
ability to grant variances or waivers from certain portions of
the zoning by-laws, that have nothing to do with the TCA's
preemption of radio frequency health concerns.  Moreover, as the
Supreme Court explained, "[t]he well-pleaded complaint rule
focuses on claims, not theories, and just because an element that
is essential to a particular theory might be governed by federal
. . . law does not mean that the entire . . . claim 'arises
under' [federal] law."  Christianson, 486 U.S. at 811.  The fact
that plaintiffs' theory of why the Town erred may partly involve
health concerns does not mean that their claims arise under the
TCA.

Metheny controls here.  The TCA does not completely preempt
state law, and the fact that it does completely preempt
regulation based on environmental effects of radio frequency
emissions does not mean that plaintiffs' claims, which are
premised on broader theories, are completely preempted.  I have
no doubt that plaintiffs' claims are preempted by this Court's
prior order, and that a state court is bound to respect and
enforce that ruling.  However, that circumstance does not create

-8-

federal court subject matter jurisdiction out of state law claims.

Having determined that I must grant the motion to remand, I may not resolve the motion to dismiss, which must be taken up -- if the plaintiffs continue to press this litigation -- in the state courts.  Nextel suggested at the hearing on this motion that it might seek to enjoin the litigation.  This was identified by Judge Keeton in Russell's Garden Center as a mechanism to protect the underlying federal judgment, whereby a party such as Nextel "may bring a separate federal action, properly alleging federal jurisdiction, requesting an injunction forbidding the plaintiffs from pursuing their state cause of action."  296 F. Supp. 2d at 20; see also Metheny, 352 F.3d at 462.  I doubt, however, that mechanism will be necessary, because on thoughtful reflection plaintiffs may determine not to pursue this improvident litigation, and if they do, the state court is unlikely to permit it to survive the motion to dismiss.

It is apparent that these actions are wholly without merit. All of Plaintiffs' claims arise from the bare fact that the Town complied with a federal court order and essentially challenge the Town's compliance.  See, e.g., Complaint, Case No. 03-CV-11934-DPW, ¶¶ 32(c)-(g) (alleging, in sum, that, even after federal court order had issued, Nextel was not entitled to special permit, and that Planning Board's decision failed to meet requirements of state administrative law).  The remaining claims allege that the Town violated notice and public hearing

-9-

requirements when it acted to issue the required permits in compliance with the federal court order. See id. ¶¶ 32(a)-(b).

Once this court issued its order, the Town was required to issue the special permit forthwith. Further notice or a public hearing would have been pointless because, regardless of what arguments Plaintiffs might have wished to present, the Town was under a federal injunction to issue the required permits. See Brehmer, 238 F.3d at 121-22 (rejecting town residents' challenge where plaintiffs' requested relief was the opportunity to conduct public hearings on the issuance of the special permit that was the subject of the court order). As Brehmer noted, the plaintiffs had the opportunity -- albeit without the elaborate notice regime that Massachusetts land use planning law requires -- to intervene in the underlying federal action. See id. at 122. For whatever reason, they failed to do so. In theory, they could pursue intervention, even at this late date, in order to seek an order pursuant to Fed. R. Civ. P. 60(b) vacating the underlying judgment. But as a practical matter that procedure is inhospitable: this is not only because it is available only in "exceptional circumstances,"[2] but more specifically because the grounds they raise are without merit.

---

[2]In this connection, I note that I am contemporaneously issuing this day a Memorandum and Order denying, on grounds of lack of exceptional circumstances, a Rule 60(b) motion brought by the Town's Planning Board and Zoning Board of Appeals in the underlying litigation. Nextel v. Town of Provincetown, No. 02-11646 (D. Mass. Mar. 10, 2004).

Under the circumstances, it is not surprising the plaintiffs wish to avoid a federal court resolution of their claims, not find a procedure for securing it.

But in the final analysis, the instant litigation is simply a groundless attempt to circumvent the federal courts by pursuing a state law collateral attack on the federal court's order. The state courts, of course, will be obligated to address Nextel's motion to dismiss the plaintiffs' claims in this action in light of the Supremacy Clause of the United States Constitution. See U.S. Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). I have no doubt that any state court judge called upon to resolve the motion to dismiss will find appropriate Judge Keeton's observation in a similar circumstance that "[t]he filing of this lawsuit in state court appears to be a naked attempt to circumvent a previous federal court injunction, and, as such, completely lacks merit." Russell's Garden Ctr., 296 F. Supp 2d at 20.[3]

_____

[3]This litigation is not only meritless, but under the circumstances, frivolous. I note that in pursuing the litigation, Plaintiffs' counsel runs the risk of sanctions because:

The signature of an attorney to a pleading constitutes a certificate by him that . . . to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for

-11-

Despite the plain insufficiency of Plaintiffs' claims, I cannot myself grant Nextel's motion to dismiss because, having determined that there is no federal jurisdiction over these cases, I am required to remand them to state court.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded." 28 U.S.C. § 1447(c) (emphasis added); <u>Int'l Primate Prot. League v. Admin'rs of Tulane Educ. Fund</u>, 500 U.S. 72, 89 (1991), <u>superseded by statute on other grounds as stated in</u> <u>Parker v. Della Rocco</u>, 252 F.3d 663, 666 n.2 (2d Cir. 2001).  Even where the state litigation would be futile and "useless litigation," the state court plaintiff has "a legal right to the relief" of remand.  <u>Maine Ass'n of Interdependent Neighborhoods v. Comm'r</u>, 876 F.2d 1051, 1053 (1st Cir. 1989); <u>Russell's Garden Ctr.</u>, 296 F. Supp. 2d at 19-20.  It will be for the state court to determine whether dismissal is necessary, should plaintiffs pursue this litigation.  Consideration of an injunction can await any state court resolution of the motion to dismiss.

---

delay. . . .  For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action.

Mass. R. Civ. P. 11(a); <u>see also</u> Mass. Gen. Laws ch. 221, § 38 (attorney oath) ("I . . . solemnly swear that . . . I will not wittingly or willingly promote or sue any false, groundless or unlawful suit").

-12-

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' and Town Defendants' motion to remand is GRANTED.  Nextel's motion to dismiss is reserved for the state court.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE