

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO.**
**04-cv-10290-REK**

---

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.,**
**d/b/a/ NEXTEL COMMUNICATIONS,**
**Plaintiff,**

**v.**

**RUSSELL'S GARDEN CENTER, INC.; EDMUND C. RICE;**
**GEORGE L. RICE; ALLISON C. RUSSELL; CHARLOTTE B. RUSSELL;**
**JOHN W. RUSSELL; TIMOTHY M SKEHAN; CHARLOTTE B. RUSSELL,**
**TRUSTEE OF THE 105 PELHAM ISLAND ROAD TRUST;**
**LEWIS S. RUSSELL, JR., TRUSTEE OF THE 105 PELHAM ISLAND ROAD TRUST;**
**TIMOTHY SKEHAN, TRUSTEE OF THE 101 PELHAM ISLAND ROAD TRUST;**
**ANN S. WEBSTER, TRUSTEE OF**
**THE 262-292 BOSTON POST ROAD REALTY TRUST,**
**Defendants.**

---

## DEFENDANTS' ANSWER TO PLAINTIFF NEXTEL'S "VERIFIED" COMPLAINT [WITH JURY DEMAND]

1. Defendants deny each and every allegation set forth in ¶ 1 of the verified complaint, except that defendants admit the allegation that this Court in *Wayland I* ordered the Town to issue a variance, albeit improperly because only the Zoning Board of Appeals of the Town of Wayland (and not the "Town") may properly grant variances. Answering further, defendants say that ¶ 1 of the complaint should be stricken from the "verified" complaint as an improper argumentative harangue.

2. Defendants admit the allegations set forth in ¶ 2 of the complaint.

3. Defendants admit the allegations set forth in ¶ 3 of the complaint.

4. Defendants admit the allegations set forth in ¶ 4 of the complaint.

5.    Defendants admit the allegations set forth in ¶ 5 of the complaint.

6.    Defendants admit the allegations set forth in ¶ 6 of the complaint.

7.    Defendants admit the allegations set forth in ¶ 7 of the complaint.

8.    Defendants admit the allegations set forth in ¶ 8 of the complaint.

9.    Defendants admit the allegations set forth in ¶ 9 of the complaint.

10.    Defendants admit the allegations set forth in ¶ 10 of the complaint.

11.    Defendants admit the allegations set forth in ¶ 11 of the complaint.

12.    Defendants admit the allegations set forth in ¶ 12 of the complaint.

13.    Defendants admit the allegations set forth in ¶ 13 of the complaint.

14..    Defendants deny each and every allegation set forth in ¶ 14 of the complaint.

15.    Because defendants deny there is subject matter jurisdiction in this court in this action, they also deny the allegations set forth in ¶ 15 of the complaint. Defendants admit, however, the allegations that they reside in the district and that the alleged events purportedly giving rise to the claim occurred in this district.

16.    Defendants have neither knowledge nor information sufficient to form a belief as to the truth or not of the allegations contained in ¶ 16 of the complaint, and therefore deny them.

17.    Defendants have neither knowledge nor information sufficient to form a belief as to the truth or not of the allegations set forth in ¶ 17 of the complaint, and therefore deny them, and particularly, without limitation, because they do not understand the meaning of the phrase "the area to be served."

18.    Defendants deny each and every allegation set forth in ¶ 18 of the complaint, to include footnote 1 thereto, except that defendants believe that Nextel presently has no antenna

facilities in the Town of Wayland. Answering further, defendants say the fact that Nextel has no

such facilities is of its own choosing because Nextel has never properly applied for the necessary

permissions in any area in the Town of Wayland in which such facilities are allowed under the

applicable zoning bylaw. Answering yet further, defendants say that ¶ 18 of the complaint should

be stricken from the verified complaint as an argumentative harangue and they note, in addition,

that the statute referred to by plaintiff Nextel in its "verified": complaint [47 U.S.C. §§

332(c)(7)(C)(i) and (ii)] has not been in effect for "nearly ten years."

19.    Defendants deny each and every allegation set forth in ¶ 19 of the complaint.

20.    Defendants answer by saying that the Opinion and Order referred to in ¶ 20 of the

complaint speaks for itself.

21.    Defendants answer by saying that Exhibit A as referred to in ¶ 21 of the complaint

speaks for itself.

22.    Defendants deny each and every allegation set forth in ¶ 22 of the complaint.

23.    Defendants answer by saying that Exhibit B as referred to in ¶ 23 of the complaint

speaks for itself.

24.    Defendants have neither knowledge nor information sufficient to form a belief as to

the truth or not of the allegations set forth in ¶ 24 of the complaint, and therefore deny them.

Answering further, the defendants say that Massachusetts General.Laws ("G.L."). c. 40A, §§ 11,

15, and 17, prevent as a matter of law the Building Commissioner of the Town of Wayland from

issuing a building permit to Nextel until Nextel obtains, if at all, certifications required by statute

and that Nextel itself (and alone) has caused any delays it complains of .

25.    Defendants deny each and every allegation set forth in ¶ 25 of the complaint.

26.    Defendants admit the allegations set forth in ¶ 26 of the complaint.

27.    Defendants deny each and every allegation set forth in ¶ 27 of the complaint except defendants admit that they filed a motion to remand the State Court Action to the Massachusetts state court.

28.    Defendants answer the allegations in ¶ 28 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself.

29.    Defendants answer the allegations in ¶ 29 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself.

30.    Defendants answer the allegations in ¶ 30 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself.

31.    Defendants answer the allegations in ¶ 31 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself. Answering further, defendants say a copy of the December 16, 2003 Memorandum and Order is annexed to the complaint as Exhibit C.

32.    Defendants answer the allegations in ¶ 32 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself.

33.    Defendants answer the allegations in ¶ 33 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself. Answering further, defendants say that it was unseemly, unfortunate, and unlawful that the court in an action case over which it had no subject matter jurisdiction "ruled," if in fact it actually did so (which defendants deny), that the State Court Action was "futile" or that this court was "free to order the Zoning Board of Appeals to issue a zoning permit without regard to state zoning laws." In this regard, defendants state that plaintiff Nextel, in its complaint, recites an edited (by

4

Nextel) and deliberately misleading version of what this court actually said in *Russell's Garden Center, Inc. v. Nextel Communications of the Mid-Atlantic, Inc.,* ___ F.Supp.2d ___ (D.Mass. 2003), (2003 WL 22955718 ), which was:

> **Under Brehmer**, this court [*in Wayland I*] was free to order the ZBA to issue a zoning permit without regard to state zoning laws [emphasis added]. . . .

*See also*

> . . . Here, however, [in *Russell's Garden Center, Inc., supra*] removal was improper, and this court lacks jurisdiction to proceed.

Answering yet further, defendants note that this court, in *Russell's Garden Center, Inc., supra*, did not refer to *Metheny v. Becker,* ___F.3d.___ (1st Cir. Decided on December 12, 2003) (2003 WL 22927875), in its Memorandum entered on December 16, 2003 ordering remand, but two days later [on December 18, 2002], in analogous circumstances, the same court expressly relied upon *Metheny, supra,* and dropped the language about "futile" and "without merit" in the Memorandum ordering remand of that action to a state court. In that case, this court did say:

> *B. The Telecommunications Act Does Not Completely Preempt State Laws*
>
> The defendants [Nextel *et al.*] contend, citing *Brehmer v. Planning Board of Wellfleet,* 238 F.3d 117,119 (1st Cir. 2001), that state law is completely preempted in the context of the TCA, and that any purportedly state-law claim within the TCA's scope "arises from" federal law and gives rise to federal jurisdiction. **This argument has now been decisively rejected.** *See Metheny,* 2003 WL 22927875 at *1; *Russell's Garden,* 2003 WL 22955718 at *5. I rule that, in the context of this case, the TCA can provide, at best, a federal defense to the plaintiffs' state law cause of action [emphasis added]..

34.    Defendants answer the allegations in ¶ 34 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself. Answering further, defendants say they cannot "circumvent" a federal court injunction that does

not apply to them, this, in part, because Nextel deliberately failed in its obligation to this court to name any of the defendants herein as real parties in interest or to bring to the court's attention why they were not so named. Answering yet further, defendants say it was unseemly and unfortunate that the court in a case over which it had no subject matter jurisdiction "recognized," as Nextel alleges, if in fact it did so, anything concerning the merit of a plaintiffs' case (defendants here) it never heard nor had the power to hear.

35.    "Finally," defendants answer the allegations in ¶ 35 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself. Answering further, defendants deny each and every allegation set forth in ¶ 35 of the complaint.

36.    Defendants answer the allegations in ¶ 36 of the complaint by saying that the actions of this court are matters of record in this court and that such record speaks for itself. Answering further, defendants say that ¶ 36 of the complaint should be stricken from the "verified" complaint as nothing more than an improper argumentative harangue.

37.    Defendants reallege their answers to ¶¶ 1-36 of the complaint and incorporate those answers here as if they were fully set forth in this paragraph.

38.    Defendants deny each and every allegation set forth in ¶ 38 of the complaint to the extent they may be applicable to the defendants herein and/or to this case.

39.    Defendants deny each and every allegation set forth in ¶ 39 of the complaint. Answering further, defendants say that ¶ 39 of the complaint should be stricken from the "verified" complaint as nothing more than an improper argumentative harangue.

40.    Defendants deny each and every allegation set forth in ¶ 40 of the complaint. Answering further, defendants say that ¶ 40 of the complaint should be stricken from the "verified" complaint as nothing more than an improper argumentative harangue.

41.    Defendants deny each and every allegation set forth in ¶ 41 of the complaint.

## AFFIRMATIVE DEFENSES

42.  The plaintiffs fail to state a claim upon which this court can grant relief, as more specifically set forth below.

43.  This court lacks subject matter jurisdiction over the claim(s) set forth in the complaint.

44.  In regard to the allegations set forth in ¶¶ 42-43, *supra,* the defendants say further that, in the circumstances of this case, it is inappropriate for Nextel to attempt to use this court to direct a decision in a sovereign state court by language, injunction, or other action contrary to applicable state law, particularly, without limitation, in flagrant violation of G.L. c. 40A, §§ 11, 15, and 17 and also by attempting to have this court enjoin or limit a state court proceeding properly pending. As this court has said, no doubt carefully:

> Moreover, **if appropriate**, Nextel may bring a separate federal action, **properly** alleging federal jurisdiction, requesting an injunction forbidding the plaintiffs from pursuing their state cause of action. Here, however, removal was improper, and this court lacks jurisdiction to proceed" (emphasis added)],

*See Russell's Garden Center, Inc. v. Nextel Communications of the Mid-Atlantic, Inc., supra,*

and as the First Circuit has said:

> [U]nder the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court may enjoin state-court proceedings '**where necessary** . . . to protect or effectuate its judgment.' <u>Rivet</u>, 522 U.S. at 478 n.3 (quoting the statute). Of course, **the [*Metheny*] plaintiffs were not parties to the earlier judgment**. . . . [W]e see no obvious reason why abutting landowners who fail to intervene in a federal action brought under the Act . . . should not be able to be joined as parties under Fed. R. Civ. P. 19(a)(2),

which provides:

### Rule 19. Joinder of Persons Needed for Just Adjudication

**(a) Persons to be Joined if Feasible.**

7

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action **shall** be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . . [emphasis added].

*See Metheny, supra; see also Martin v. Wilks,* 490 U.S. 755, 761-762 and *passim,* 109 S.Ct.

2180, 104 L.Ed.2d 835 (1989). See also Exhibit A attached.

Answering yet further as part of ¶ 44 in their affirmative defense, defendants say, in

relevant part, that G.L. c. 40A, §§ 11, 15, and 17 provide as follows:

[I]f appeal has been taken [pursuant to section seventeen], **after receipt of certified records of the court in which such appeal is adjudicated,** indicating that such approval has become final, the . . . town clerk shall issue a certificate stating the date of approval . . . and such certificate shall be forwarded to the petitioner [emphasis added].

G.L. c. 40A, § 15.

No variance . . . shall take effect until a copy of the decision bearing the certification of the . . . town clerk . . . if . . . appeal has been filed, that it has been dismissed or denied . . . is recorded in the registry of deeds for the county and district in which the land is located and indexed in the grantor index under the name of the owner of record or is recorded and noted on the owner's certificate of title.

G.L. c. 40A, § 11.

The court shall hear all evidence pertinent to the authority of the board . . . and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board or special permit granting authority or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive . . .

G.L. c. 40A, § 17.

It might be mentioned, incidentally, that G.L. c. 40A, § 17, does not contemplate that the Massachusetts state court be instructed or assisted by any other court in carrying out its statutory charge.

Thus, the plaintiffs in *Russell's Garden Center, Inc., supra,* have a right to challenge in a state court proceeding a Zoning Board of Appeals' decision granting Nextel variances. They are entitled to a fair hearing there, free from improper influence, and it is quite inappropriate for Nextel to move this court to have the Wayland Building Commissioner issue any building permit for the use of land requiring variances until the litigation the plaintiffs have properly brought in the Land Court Department is finally adjudicated as represented by certificates from the Land Court Department to the Wayland Town Clerk and from the Wayland Town Clerk thereafter to Nextel. Thus, for this reason also, Nextel fails to state a claim upon which this court may grant the relief Nextel seeks here, whether that relief be an injunction ostensibly prohibiting the defendants here from proceeding in an action properly remanded to a state court, or, which is the same thing, an injunction prohibiting the state court from proceeding in an action properly before it, or an injunction or other order commanding the Building Commissioner of the Town of Wayland (not even a party in this action) to issue Nextel a building permit before judicial resolution in the state court of that properly pending state court action.

45. In the circumstances of this action, which include, without limitation, (1) the cynical failure of Nextel to join defendants here as parties defendant under Fed. R. Civ. P. !9 in *Wayland I* and (2) remand of *Russell's Garden Center, Inc., supra,* to the Land Court Department of the Trial Court of the Commonwealth of Massachusetts for want of federal subject matter

9

jurisdiction, this court lacks subject matter jurisdiction in this action to "rule on the preclusive effect of its prior federal judgment [in *Wayland I*]," with respect to the defendants here (plaintiffs in *Russell's Garden Center, Inc., supra*). *See Metheny, supra*, and Exhibit A attached..

**WHEREFORE**, defendants demand

• that this action be dismissed with prejudice so that they may proceed with their state court action without any further unfair predisposing instructions or influences,

• that the Memorandum and Order in *Russell's Garden Center, Inc., supra*, be amended so as to delete any inappropriate language tending to instruct or influence the state court how to resolve an action properly before it (and never properly before this court) or allowing Nextel to make arguments, as it has been doing, to that effect to the state court,

• that they be awarded costs and attorney's fees for having to defend, in the circumstances of this action, against a completely frivolous action brought and pressed by Nextel, to include (a) misrepresentations to the United States District Court for the District of Massachusetts in Civil Action No. 03-cv-11934 (*see* Docket Entries # # 3, 4, 17 and 23) and 03-cv-11935 (*see* Docket Entries # # 2, 3, 20, and 25), and in Civil Action No. 03-mc-10222 (see Docket Entry # 11), a case in which Nextel is not a party and in which neither Nextel nor Nextel's attorney has a legitimate appearance, even *pro hac vice*, and (2) attempts to intimidate the defendants here and their attorney in *Russell's Garden Center, Inc., supra*, in this action (see, without limitation, attached papers under cover of letter from Nextel's attorney to defendants. dated March 17, 2004), and

• that they be awarded such other relief and remedies in their favor as are just and/or equitable.

10

### JURY DEMAND

**DEFENDANTS DEMAND A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE TO A JURY AS OF RIGHT OR IN THE DISCRETION OF THE COURT.**

Dated: April 5, 2004

Edward J. Collins, Esq.
Attorney for Defendants
Post Office Box 384330
Harvard Square Branch
Cambridge, Massachusetts 02238-1330
[508]-358-6666
B.B.O. No. 092240

## EXHIBIT A

**From:**

***Steans v. Combined Insurance Company of America*, 148 F.3d 1266 (11th Cir. 1998):**

In this case, the appellants . . . appeal the district court's orders . . . enjoining them from prosecuting their claims . . . in state court. We conclude that the . . . [federal district court] order . . . was not binding on [appellants] and that [they] did not have a full and fair opportunity to litigate the orders enjoining their state court claims. . . . We vacate and remand. . . .

In *Martin v. Wilks*, 490 U.S. 755, 109 S. Ct. 2180 (1989) . . . firefighters alleged that the City was making promotion decisions . . . in reliance on certain consent decrees entered in previous litigation to which the . . . firefighters were not parties.[12] *Id.* at 758, 109 S. Ct. at 2183. In rejecting the City's argument that the . . . suit constituted an impermissible collateral attack on the consent decrees, the Court concluded that "'it is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Id.* at 761, 109 S. Ct. at 2184 (quoting *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S. Ct. 115, 117 (1940)). The Court reasoned that

> [a] judgment or decree among parties to a lawsuit resolves issues among them, but it does not conclude the rights of strangers to those proceedings. . . . Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree.

*Id.* at 762, 765, 109 S. Ct. at 2184, 2186. . . .

The reasoning of the Supreme Court in *Martin v. Wilks* is applicable to the instant case. At the time that the district court entered the . . . order . . . [appellants] were not parties to the . . . case and were not in privity with . . . settling plaintiffs. . . . [14] [W]e see no reason in the instant

case to make an exception to the "principle of general application" that a judgment *in personam* is not binding on a person who is not designated as a party. . . . Therefore, we conclude that the district court's . . . order . . . is not binding on [appellants].[16] . . .

We conclude that the district court abused its discretion in enjoining [appellants] because neither . . . had a full and fair opportunity to litigate the issue. [Appellants] were enjoined from prosecuting their state court . . . claims without a meaningful opportunity to present evidence, conduct discovery,[20] or test the veracity and sufficiency of . . . evidence which served as the basis for the district court's . . . order.

We also note that in issuing the injunctions against [one appellant's] . . . claims, the district court concluded that "the pursuit of such claims could nullify this court's . . . order and must therefore be enjoined under 28 U.S.C. § 2283. . . . (relying on the "necessary . . . to protect or effectuate its judgments" exception to the Anti-Injunction Act, 28 U.S.C. § 2283).[21] We are confident that a district court cannot enter a judgment purporting to bind nonparties over which it does not have jurisdiction, seek to join those nonparties to the underlying litigation,[22] and then issue an injunction against those parties based on a need to protect its earlier judgment. In light of our holding that the district court did not have authority to bind nonparties with its . . . order, we readily conclude that the district court can not rely on the "necessary to protect its judgments" exception to the Anti-Injunction Act in order to justify its injunctions prohibiting . . . [appellants] from pursuing their . . . [state law] claims . . . Therefore, the district court's reliance on the Anti-Injunction Act is misplaced.

Footnotes:

12.    . . . The . . . firefighters also attempted to intervene in the previous litigation, but the trial court denied their motion to intervene as untimely. *Id.* . . .

14.    [Appellee] argues that the . . . order facilitates settlement and thus is supported by the "strong public policy favoring settlement." We note that an almost identical argument was rejected by the Supreme Court . . . [T]he Court in *Martin v. Wilks* concluded that

> [a] voluntary settlement in the form of a consent decree . . . cannot possibly 'settle,' voluntarily or otherwise, the conflicting claims of another group . . . who do not join the agreement. . . . 'Parties who choose to resolve litigation through settlement may not dispose of the claims of a third party . . . without that party's agreement. A court's approval of a consent decree between some of the parties cannot dispose of the valid claims of nonconsenting intervenors.'
> *Id.* at 768, 109 S. Ct. at 2188 . . .

16.    Because the . . . order was not binding on [appellants] , there was no need for them to appeal it.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SEE ALSO:

*Hansberry v. Lee*, 311 U.S. 32, 61 S. Ct. 115, 117 (1940)

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979) (It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard).

*Martin  v. Wilks*, 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989)

*Richards v. Jefferson County, Alabama*, 517 U.S. 793, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996)

*S.E.C. v. Seahawk Deep Ocean Technology, Inc.*, 74 F.Supp.2d 1188, 1191 (M.D.Fla. 1999)

## CERTIFICATE OF SERVICE

I hereby certify under the penalties of perjury that, as a matter of courtesy, I served:

RESPONDENT'S MOTION FOR INSTRUCTIONS
with attached
DEFENDANTS' ANSWER TO PLAINTIFF NEXTEL'S "VERIFIED" COMPLAINT
[WITH JURY DEMAND]; and

RESPONDENT'S MOTION TO STRIKE PAPER FILED BY PURPORTED
REPRESENTATIVE, NOT A MEMBER OF THE BAR OF THIS COURT,
OF A NON-PARTY TO THIS MATTER

on  April 8, 2004 by mailing a copy thereof by United States Postal Service, first class

mail, postage prepaid, to the following addresses:

Steven E. Grill, Esq.
Devine, Millimet & Branch, P.A.
111 Amherst Street
Post Office Box 719
Manchester, New Hampshire 03105-0719

Dated: April 8, 2004

Edward J. Collins