FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nextel Communications of the Mid-Atlantic Inc., d/b/a Nextel Communications | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) ) |
| Russell's Garden Center, Inc.; Edmund C. Rice; George L. Rice; Allison C. Russell; Charlotte B. Russell; John W. Russell; Timothy M. Skehan; Charlotte B. Russell Trustee of the 105 Pelham Island Road Trust; Lewis S. Russell, Jr., Trustee of the 105 Pelham Island Road Trust; Timothy Skehan, Trustee of the 101 Pelham Island Road Trust; Ann S. Webster, Trustee of the 262-292 Boston Post Road Realty Trust | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) ) ) ) |

**CASE NO.:**
**04-CV-10290-REK**

## (PROPOSED) ORDER

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc. ("Nextel") having moved for an order declaring certain state court litigation to be an improper effort to interfere with the exercise of this Court's jurisdiction and an improper interference with a judgment issued by this Court; and,

This Court having issued an order to show cause dated March 30, 2004 and docketed on April 12, 2004; and,

It appearing that Nextel has served said order to show cause upon each of the defendants and upon the Town of Wayland, a non-party which may have an interest in the outcome hereof; and,

The Court having heard the arguments of counsel and read the papers submitted by the parties;

**NOW, THEREFORE, IT IS ORDERED THAT:**

The abutter appeal now pending in the Land Court, entitled <u>Russell's Garden Center, Inc., et al. v. Nextel Communications of the Mid-Atlantic, Inc., et al.</u>, Case No. 287705-misc., is an improper state court challenge to an order entered by this court and is a nullity. *See Central Nat'l Bank v Stevens,* 169 U.S. 432, 460-61 (1898); *Delaware Valley Citizens Council v. Commonwealth of Pennsylvania,* 755 F.3d 38, 45 (3rd Cir. 1985). Accordingly, the said abutter appeal shall be disregarded by the Town of Wayland and its officials, boards, agencies and instrumentalities. Without limiting the foregoing, the said abutter appeal shall not in any way prevent, delay or otherwise interfere with the filing by the Town Clerk of the Zoning Board of Appeal's decision issued on January 30, 2003 in response to the judgment of this Court dated January 3, 2003 entered in the matter of <u>Nextel Communications of the Mid-Atlantic, Inc. v. Town of Wayland</u>, Case No. 02-10260-REK  30, 2003 or, upon compliance by Nextel with applicable provisions of the State Building Code, as applied by the Building Commissioner of the Town, the issuance of a building permit to Nextel Communications of the Mid-Atlantic Inc. for the construction of the wireless telecommunications facility which is the subject of the said variance decision and of the litigation referred to above.

**SO ORDERED.**

Dated: _____          _____, U.S.D.J.

3

## STATEMENT OF NO OBJECTION BY THE TOWN OF WAYLAND

The Town of Wayland and its Building Commissioner (hereinafter collectively referred to as the "Town"), by and through their undersigned counsel, hereby state that they have no objection to entry of the above order as it relates to actions to be taken by the Town or the Town Clerk. The Town takes no position as to the legal status of the abutters' appeal. Said statement of lack of objection is not intended as a submission to the jurisdiction of the Court or to joinder as a party herein.

**THE TOWN OF WAYLAND**

**and its BUILDING COMMISSIONER**

By their attorneys,

By:_____

    Joel B. Bard
    Patricia A. Cantor,
    Kopelman and Paige, P.C.
    31 St. James Ave.
    Boston, MA 02116
    (617) 556-0007